**UNITED STATES of america,
Plaintiff—Appellee,**

v.

**Brian Joseph JONES, Jr., Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Jeremy Allen King, Defendant—
Appellant.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

United States of America,
Plaintiff—Appellee,

v.

Roderick Eugene Hannah, Defendant—
Appellant.

Nos. 01–50531, 01–50532, 02–50039.
D.C. Nos. CR–00–00065–VAP–02,
CR–00–00065–VAP–03, CR–
00–00065–VAP–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Decided Feb. 20, 2003.

Before BROWNING, PREGERSON and REINHARDT, Circuit Judges.

## MEMORANDUM *

### I.

A federal grand jury returned an indictment charging appellants Roderick Hannah and Brian Jones with conspiracy to commit armed bank robbery, 18 U.S.C. § 371, armed bank robbery, 18 U.S.C. § 2133(a),(d), and using or carrying a firearm in relation to a crime of violence, 18 U.S.C. § 924(c), and charging appellant Jeremy King with aiding and abetting bank robbery, 18 U.S.C. §§ 2113(a), 2(a). Appellants chose to represent themselves at trial. A jury found Jones, King, and Hannah guilty on all counts, and they appeal. We affirm the judgment of the district court.

### II.

■ Jones argues that the incriminating confession of his non-testifying co-defendant Hannah constitutes *Bruton* error. A defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating statement of a non-testifying co-defendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Hannah's incriminating remark that he "kn[ew] he shouldn't be hanging out with these guys" made clear reference to Jones and King in an incriminatory manner. *Bruton* errors, however, are subject to harmless error review. *United States v. Peterson,* 140 F.3d 819, 822 (9th Cir.1998). The overwhelming evidence against Jones, including police observation of him running from the bank to the getaway car, his apprehension shortly thereafter, the presence of the bank's bait bills and the gun used in the robbery near the disabled getaway car, the discovery of a large sum of money hidden in Jones's pants, and the incriminating statements that he himself made on a tape recording introduced at trial, demonstrates that "on the whole record, the verdict would have been the same without the *Bruton* error." *Id.* at 822. Accordingly, even if *Bruton* error occurred, it was harmless.

■ Jones also argues that the district court erred in denying his motion for a continuance. We have stated that "only an unreasoning and arbitrary insistence upon the expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel." *United States v. Garrett,* 179 F.3d 1143, 1145 (9th Cir.1999) (citations and internal quotations omitted). Here, Jones fails to show "at a minimum that he has suffered prejudice as a result of the denial of his request" in order to obtain a reversal. *United States v. Flynt,* 756 F.2d 1352, 1359 (9th Cir.1985). Jones suggests only that he was "ignorant of the law and the rules of evidence, [and] that he

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

faced all the resources of the government and a sophisticated prosecution." The district court did not err in denying Jones's request for a continuance.

### III.

■ King argues that the district court erred in admitting into evidence a prior conviction of King and Hannah for a 1993 bank robbery and that the error was prejudicial, even though the testimony was subsequently stricken and the jury was given a cautionary instruction. Both Hannah and King also contend that the district court erred in denying their motions for mistrial based upon the "career criminal" heading of the document introduced to show their prior convictions. Similarly, Jones argues that the district court erred by denying his motion for severance based upon the same "career criminal" statement. For all of these claims, prejudice is required for reversal of the convictions. Thus, for example, a mistrial is warranted only if improper remarks "prejudicially affected substantial rights of the defendant." *United States v. Yarbrough*, 852 F.2d 1522, 1539 (9th Cir.1988). In addition, "misconduct does not require reversal where there is strong evidence of the defendant's guilt." *Id.* For the reasons mentioned in Section II, among others, appellants fail to demonstrate the necessary prejudice.

### IV.

■ Jones argues that the district court erred in admitting a tape recording made of all three appellants while they were held in custody because the prejudicial effect of the tape outweighed its probative value. Federal Rule of Evidence 403 provides in part that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." That determination is primarily left to the district court. *United States v. Matta–Bal-*

*lesteros,* 71 F.3d 754, 769 (9th Cir.1995). While the tape did contain some prejudicial references to drug use, it was highly probative as evidence of the conspiracy charged in the case. All three appellants indirectly refer to the bank robbery and discuss how to deny involvement in it. The district court did not err in admitting the tape recording.

■ Jones and Hannah also argue that the district court erred in admitting the tape recording because it lacked proper foundation and because the government failed to establish an unbroken chain of custody. Tapes are properly authenticated under Fed.R.Evid. 901(a) if "sufficient proof has been introduced so that a reasonable juror could find that tapes are in substantially the same condition as when they were seized, and may admit the tapes if there is a reasonable probability the tapes have not been changed in important respects." *Matta–Ballesteros,* 71 F.3d at 768. Here, Jones and Hannah fail to show that any tampering took place. Furthermore, to the extent that Hannah's claim rests on alleged gaps in the chain of custody, any "defect in the chain of custody goes to the weight, not the admissibility, of the evidence introduced." 71 F.3d at 769. The district court thus did not err in admitting the evidence.

■ Hannah argues that the district court erred in admitting the tape recording because the recording and subsequent admission into evidence violates 18 U.S.C. §§ 2511(1)(a) and 2518(9). Because pretrial detainees do not have a reasonable expectation of privacy in conversations that they know are being recorded, *United States v. Poyck,* 77 F.3d 285, 291 (9th Cir.1996), Hannah fails to establish a violation of the statute.

■ Finally, Hannah alleges a *Brady* violation. *Brady v. Maryland,* 373 U.S.

83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Hannah fails to show that any withheld materials would have been of exculpatory or of impeachment value, nor does he show any prejudice as a result of the government's failure to disclose any of the materials it allegedly suppressed. No *Brady* violation occurred.

The judgment of the district court is AFFIRMED.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.