# Alexander A. Wilson, vs. Joseph Hughell.

*Appeal from Jefferson.*

An injunction will not lie to prevent the commission of a simple act of trespass; the party injured having an adequate remedy at law.

This was a bill filed by Wilson against Hughell, praying a writ of injunction to restrain the defendant from committing trespasses upon the complainant's land claim.

The cause was finally disposed of in the court below, at September term, 1842. The bill was dismissed, and a decree that the respondent should have and recover from the complainant his costs. The complainant appealed to this court.

SHUFFLETON & GRAY, for complainant.

HALL & HUMPHREYS, for defendant.

PER CURIAM, MASON, CHIEF JUSTICE.—The complainant in this case sets forth in his bill, that in June 1839, he purchased a "claim" lying in the county of Jefferson; that the defendant claimed a portion of the timbered part thereof; that an arbitration was had, and the tract in dispute awarded to the complainant; that the defendant still continuing to cut timber an action of trespass was brought, which was taken by appeal to the District Court, and that the said defendant still continues to trespass. An injunction is therefore prayed for, which was granted.

At a subsequent term of the District Court for Jefferson county, a demurrer was filed to this bill, and sustained by the court. The complainant then obtained permission to amend his bill.

The bill as amended alleges that the complainant has a right of preemption to the quarter section of land including the tract in controversy, but that he is unable to perfect his title by reason of the public surveys being not yet completed.

To the bill thus amended the defendant answered, denying that the complainant had such right of pre-emption to the land on which the trespasses were alleged to have been committed.

The allegation in relation to the right of pre-emption is not sustained by the proof, and seems to have been abandoned as it has not even been alluded to in the argument; so that the only question remaining for investigation is, whether an injunction should be granted to restrain the commission of trespasses upon claims on the public lands, under circumstances like those set forth in the bill of complainant in this case. To make the case the strongest for the complainant, is he entitled to relief if his original bill is wholly true? In other words did the court below err in sustaining the demurrer to that bill?

Without stopping to enquire whether under any circumstances the mere occupier of a "claim" on the public lands is entitled to an injunc-

tion to prevent acts of trespass, it is very evident that he would have no stronger claim to such a remedy than the owner of the freehold would have under like circumstances.

It is a well settled rule that an injunction ought not to be granted to prevent the commission of a simple act of trespass ; the party injured in such cases having an adequate remedy at law. To take a case out of this rule peculiar circumstances must exist. The bill in the present case shows nothing of this kind, and even if it were competent for the complainant to make out a good case by his proof when one is not set forth in his bill, that has not been done in the present case.

The bill was therefore properly dismissed and the decree is affirmed;