**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Floyd Lentellis GARRETT, Defendant–Appellant.**

No. 96–50609.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 18, 1999.

Decided June 8, 1999.

Janice M. Deaton, San Diego, California, for defendant-appellant.

Roger W. Haines, Jr., Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Before: HUG, Chief Judge, and BROWNING, PREGERSON, O'SCANNLAIN, TROTT, FERNANDEZ, T.G. NELSON, KLEINFELD, SILVERMAN, GRABER, and WARDLAW, Circuit Judges.

Opinion by Judge PREGERSON; concurrence by Judge FERNANDEZ

PREGERSON, Circuit Judge:

Defendant Floyd Lentellis Garrett appeals his convictions on two counts related to an armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and (2); and 18 U.S.C. § 924(c)(1) and (2). The district court denied Garrett's motion for continuance on the eve of trial. Garrett contends that, in denying this continuance, the district court committed reversible error. A divided panel of this court reversed Garrett's convictions. *See United States v. Garrett,* 149 F.3d 1018 (9th Cir.1998). We granted rehearing *en banc* and withdrew the panel opinion. *See United States v. Garrett,* 161 F.3d 583 (9th Cir.1998).

We write today to make it clear that when we review a district court's ruling granting or denying a motion for a

continuance the applicable standard of review is abuse of discretion. This standard is consistent with the Supreme Court's decision in *Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) where the Court stated that "broad discretion must be granted trial courts on matters of continuances." The Court wrote:

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon the expeditiousness in the face of a justifiable request for delay' violates the right to assistance of counsel.

*Id.* at 11–12, 103 S.Ct. 1610 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)).

■ *Morris* does not require either the defendant or the government to establish a compelling reason to obtain a continuance. To the extent that *United States v. Lillie*, 989 F.2d 1054, 1056 (9th Cir.1993), and *United States v. D'Amore*, 56 F.3d 1202, require a trial court to find a compelling reason before granting or denying a continuance, they are overruled.

■ Here, the record demonstrates that the district court, in denying Garrett's motion for a continuance on the eve of trial, acted within its broad discretion. A review of the record demonstrates the care and patience the district court exercised:

- On July 13, 1995, at Garrett's first appearance, the court appointed a federal public defender ("FPD") to defend Garrett.
- On November 13, 1995, at a motions hearing, the FPD advised the court that there was a serious breakdown of communication between counsel and Garrett. The court put the hearing over until November 17, 1995, to give the FPD and Garrett more time to work out their differences.
- On November 17, 1995, Garrett pled guilty to both counts of the indictment against him. He was represented by the same FPD.
- On January 26, 1996, at a previously scheduled hearing, the court announced that Garrett had written the court asking to withdraw his guilty plea. After the hearing, the court granted Garrett's request to withdraw his plea and set a status hearing for February 20, 1996, and a trial date for February 27, 1996.
- At the status hearing on February 20, 1996, defendant orally moved to relieve the FPD as counsel, complaining of communication problems and disagreements over trial strategy. The district court set a status hearing regarding counsel for February 22, 1996.
- On February 22, 1996, the court granted Garrett's oral motion to relieve the FPD. When Garrett expressed an interest in representing himself, the court appointed an attorney from the Criminal Justice Act panel ("CJA attorney") to help Garrett determine whether he wanted to proceed pro se. Motion and trial dates were vacated.
- Subsequently, on February 23, 1996, Garrett agreed to be represented by the CJA attorney, whom the district court then appointed as Garrett's attorney of record.
- Then, on April 15, 1996, Garrett expressed dissatisfaction with his new CJA attorney and filed a motion to waive his right to counsel and to proceed pro se. The district court engaged in a lengthy and detailed conversation with Garrett to ensure that he understood the ramifications of self-representation. The court warned Garrett of the seriousness of the charges he faced, the penalties he faced if convicted, and the disadvan-

tages of self-representation. The court set June 18, 1996, as the trial date.

Garrett repeatedly stated that he understood the problems of proceeding pro se and that he still wanted to represent himself. The district court nevertheless urged Garrett to think further on the matter and held the matter over for a week.

- On April 22, 1996, the court held a second hearing on Garrett's motion to proceed pro se. The court warned Garrett that he would be expected to be ready for the previously set trial date, June 18, 1996, and that self-representation would not provide an excuse for a continuance. The court again expressed its opinion that self-representation was not in Garrett's best interests but, at Garrett's insistence, the court granted Garrett's motion to proceed pro se.

- At an ex parte hearing on June 7, 1996, eleven days before the scheduled trial date, Garrett told the court that he was trying to retain private counsel. The court advised him that he was free to retain counsel but warned him that, depending on the timing of any forthcoming motions to continue, a continuance would not necessarily be granted. Over Garrett's objection, the court then appointed the same CJA attorney as Garrett's stand-by counsel. In doing so, the court explained to Garrett that (1) if Garrett retained counsel by June 12, 1996, retained counsel should come to the June 12 status conference, and (2) if Garrett and the CJA attorney had legitimate differences-at that time or at any other time-the court would relieve that CJA attorney and appoint Garrett another attorney from the CJA panel.

- On June 12, 1996, Garrett waived his right to a jury trial. He had not yet retained private counsel.

- On June 17, 1996, the day before trial, Garrett notified the court that private counsel had been retained. Garrett moved for a one-month continuance to give the new attorney time to fulfill prior commitments and to prepare for trial. Because the attorney was not present in court at that time, the court telephoned the attorney, who confirmed that Garrett's father had contacted him four or five days earlier about representing Garrett, that he had been retained, but that he could not proceed to trial until July 16.

The court offered to hold the trial over until the end of the week so that the new attorney could appear. The new attorney insisted that he would not be ready for trial until July 16, at the earliest. The court thereupon denied Garrett's motion for a one-month continuance.[1] In doing so, the district court noted that Garrett had "ample notification" from the court that the trial date was set and that last-minute continuances to substitute counsel again would not be granted. The court also cited the inconvenience to its own calendar of continuing the trial for more than a week.

- Garrett's bench trial commenced on June 18, 1996, as scheduled. On that date, Garrett renewed his motion for a continuance. The district court again denied the motion, stating that it viewed the request as made for the purpose of delay. Garrett proceeded to trial pro se, with the CJA attorney

---

1. On appeal, Garrett argues that, in denying his motion for a continuance, the district court actually denied his motion to substitute counsel, thereby violating his Sixth Amendment right to counsel. This argument is not supported by the record. In fact, the district court welcomed the privately retained attorney and offered to continue the trial for the remainder of the week to allow the attorney to appear. The attorney refused, stating that he would not be available to try the case until July 16, at the earliest. This exchange reveals that it was Garrett's request for a 30–day continuance, not his motion to substitute counsel, that the district court denied.

as stand-by counsel. Garrett was convicted on both counts after a two day bench trial.

■ The above recital demonstrates the patience and consideration that the district court afforded Garrett for almost a year. It also reveals the great care the court took to ensure that Garrett's right to counsel was respected. When a motion for a continuance arguably implicates a defendant's Sixth Amendment right to counsel, the court must consider the effect of its decision on this fundamental right. A defendant's right to counsel is central to our system of justice. *See Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) ("assistance of counsel is among those 'constitutional rights ... basic to a fair trial' "); *Gideon v. Wainwright*, 372 U.S. 335, 340, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (the right to counsel is "fundamental"). In stating her reasons for denying Garrett's last-minute motion for a continuance, the district judge referred to her schedule and also stated that she believed the motion was being made "for purpose of delay."

■ When denying a continuance, especially one that arguably implicates the defendant's right to counsel, the district court should summarize in the record its reasons for the denial. This was not done here. But given the care that the district court took over a year long period to ensure that Garrett understood the consequences of each critical decision that he made, and given the concern for Garrett's right to counsel that the court demonstrated, we cannot say that the district court failed to act within its broad discretion in denying Garrett's motion for a continuance on the eve of the trial.

Garrett's other claims are without merit and require no discussion.

AFFIRMED.

FERNANDEZ, Circuit Judge, with whom O'SCANNLAIN, Circuit Judge, joins, concurring:

I agree with most of what is said in the perspicacious majority opinion. It is, therefore, with some hesitation that I write this concurrence. I do so because there has been a good deal of tension in Ninth Circuit law regarding the proper approach to cases where new counsel is sought at a time that would require a continuance of trial proceedings. *See, e.g., United States v. D'Amore*, 56 F.3d 1202, 1207 (9th Cir.1995) (where defendant's motion to substitute counsel and continue a hearing was denied, we reversed because the record failed to show any "compelling purpose" for the denial); *United States v. Lillie*, 989 F.2d 1054, 1055–56 (9th Cir. 1993) (same); *United States v. Leavitt*, 608 F.2d 1290, 1293–94 (9th Cir.1979) (where pro se defendant was denied a continuance to obtain counsel at the last minute, we balanced five factors and upheld the denial because the district court's decision was fair and reasonable) (followed in, *United States v. Robinson*, 967 F.2d 287, 291 (9th Cir.1992) and *United States v. Studley*, 783 F.2d 934, 938–39 (9th Cir.1986)); *United States v. Mills*, 597 F.2d 693, 699–700 (9th Cir.1979) (where defendant was denied a substitution of attorney at the last minute, which would have required a continuance, we considered three factors and upheld the district court because its decision was not an abuse of discretion) (followed in, *United States v. Torres–Rodriguez*, 930 F.2d 1375, 1380–81 (9th Cir.1991)).

Courts of Appeals are, no doubt, the crucibles in which the law is purified, but we should not ignore the Supreme Court's own magistral texts. We should not forget the Court's own words, and I think that the time has come to ungrudgingly embrace the rule it articulated in *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). In that case, the Court was faced with the defendant's claim that his Sixth Amendment right to counsel had been violated when he was denied a continuance so that a different attorney could represent him. *Id.* at 11, 103 S.Ct. at 1616. As the majority points out, the Court disagreed, and said:.

Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel.

*Id.* at 11–12, 103 S.Ct. at 1616 (citation omitted). That, it seems to me, says both a lot and enough. By overruling *D'Amore* and *Lillie,* the majority has eliminated any suggestion that there must be a compelling reason for a denial and has returned partway along the path which leads to the Supreme Court's declaration of the law. But it has not taken the final step of recognizing that a person who seeks to attack the denial of a continuance bears the burden of showing both that there were "compelling reasons" for the continuance, and that the district court's decision to deny the continuance violated the right to counsel because it was "unreasoning and arbitrary." [1] *Morris,* 461 U.S. at 11, 103 S.Ct. at 1616. The failure of the majority to take that final step, coupled with its emphasis on the centrality of the right to counsel and on the especially strong facts of this case, might well divert courts from the return path and lead us into a bog like the one from which we have just extricated ourselves. I hope not, but the very real danger that the burden upon a disappointed party will hereafter be thought of as lighter than that actually imposed by the Supreme Court prevents me from fully accepting and joining in the reasoning of the majority opinion.

However, the majority opinion does demonstrate that Garrett has offered no compelling reason for a continuance and that the district court did not act in an unreasoning and arbitrary manner when it denied his request.

Thus, I concur in the result.

---

**1.** To put it another way, absent a compelling reason the district court cannot have abused its discretion, but it would take a better haruspex than I to divine that from the opinion.