**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juanita ROMERO, Defendant–
Appellant.**

No. 00–50741.

D.C. No. CR–99–03503–TJW.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 14, 2001.

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

### MEMORANDUM **

Juanita Romero ("Romero") appeals her conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Following a two-day jury trial, Romero was convicted of possession with intent to distribute approximately 50 pounds of marijuana. During the trial, Romero moved to substitute her retained counsel. The court denied the request.

During jury deliberations, the jury submitted two notes to the court. One note stated, "Can we have the definition of 'intent to distribute'?" and the other note (with two questions) stated "(1) Must we find that the *defendant herself* had the specific intent to distribute marijuana? (2) What is the definition of 'intent'?" [emphasis in original].

After consulting with counsel from both sides, the court responded to the three questions as follows: On the first note, the court wrote: "Intent to distribute means the intent to deliver to another person." On the second note, the court wrote: "(1) No. You must find that the defendant did not intend to keep the marijuana but rather intended to deliver it to another person. Refer to jury instruction 9.4.1.(2) There is no legal definition of intent. It is to be given its ordinary meaning."

### 1. *Substitution of counsel*

Romero argues that the district court erroneously denied her motion to substitute counsel. We review the denial of this motion for abuse of discretion. *United States v. Corona–Garcia*, 210 F.3d 973, 976 (9th Cir.2000). We consider the timeliness of the motion, the adequacy of the district court's inquiry, and the extent of the conflict between the defendant and counsel. *United States v. Adelzo–Gonzales*, 268 F.3d 772, (9th Cir.2001); *United States v. Castro*, 972 F.2d 1107, 1109 (9th Cir.1992).

■ Romero's motion was not timely. Romero made the motion during the jury trial, after two of the four government witnesses had completed their direct and cross-examination. The trial court concluded that it was too late to stop the trial.

Although the court may not deny a motion to substitute counsel solely because it was late, the court has broad discretion in the management and scheduling of trials. *See United States v. Garrett*, 179 F.3d 1143, 1144 (9th Cir.1999) (en banc); *Hudson v. Rushen*, 686 F.2d 826, 831 (9th Cir.1982) (motion to substitute counsel at close of prosecutor's case would cause significant delay).

The court's inquiry was adequate. Romero told the court that her attorney had been on vacation, did not have time to review the paperwork, did not plan to call witnesses, and Romero did not know whether she filed any motions on her behalf. Her attorney responded to the court that she had been on vacation, but had returned earlier on the weekend, that she had been retained for several months, and that she had completed discovery. Later that day, the court, outside the presence of the jury, asked the government's counsel to leave the courtroom so that he could further discuss the substitution motion solely with Romero and her counsel. The court asked whether Romero could be "more specific" regarding any motions or witnesses not presented on her behalf. Romero stated there was no particular motion she wanted filed. Romero's counsel responded that she and co-counsel had filed various pretrial motions, utilized an investigator, and determined that it was not in Romero's best interest to call the witnesses with percipient knowledge because they were either unreliable or could damage her case. *See Corona–Garcia*, 210 F.3d at 976–77 (approving of similar inquiry).

Finally, the alleged conflict between Romero and her counsel was not severe. Defense counsel decided that it was not in Romero's best interest to call witnesses. This is a trial tactic clearly within the realm of powers committed to counsel's

discretion. *See Corona–Garcia*, 210 F.3d at 977 n. 2.

Under these circumstances, the district court did not abuse its discretion in denying Romero's motion to substitute counsel.

### 2. *Response to the jury's questions*

Romero argues that the district court erred in its response to the jury's inquiry regarding "specific intent." Because there was no objection in the district court, we review the challenge to the jury instructions under the plain error standard. *United States v. Bracy*, 67 F.3d 1421, 1431 (9th Cir.1995).

The charged crime of possession of marijuana with intent to distribute is a general intent offense. The court instructed the jury pursuant to model jury instructions for the Ninth Circuit, as requested and agreed upon by both parties. The court, after consulting both parties, responded to the jury's questions in a straightforward manner, avoiding confusion regarding general and specific intent. There was no error, much less plain error. *See United States v. Garcia–Guizar*, 160 F.3d 511, 516, 522–23 (9th Cir.1998).

The judgment is AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.