**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James Thomas JOHNSON, Defendant—Appellant.**

No. 02–10078.

D.C. No. CR–01–00228–RLH.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 12, 2003.

Before SILVERMAN and GOULD Circuit Judges, and WEINER, District Court Judge.**

### MEMORANDUM***

Appellant James Thomas Johnson appeals his conviction by guilty plea and sentence for one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Johnson argues that (1) his Sixth Amendment right to counsel was violated when the district judge refused to grant a continuance on the first day of trial so that he could find alternate counsel, (2) his plea was involuntary and coerced by the district judge's "active participation" in the course of plea proceedings, and (3) the district court failed to comply at sentencing with the requirements set out by Federal Rule of Criminal Procedure 32(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the conviction and sentence.

Because the parties are familiar with the facts, we will not recount them in detail except as necessary.

The Court reviews the denial of a motion to continue for an abuse of discretion. *United States v. Garrett*, 179 F.3d 1143, 1144–45 (9th Cir.1999). In considering whether a defendant was wrongly denied a continuance to arrange for substitute counsel, we have considered whether the district court adequately inquired into the matter, the timeliness of the motion versus any inconvenience or delay that would result from the granting of a continuance,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior United States District Judge for Eastern Pennsylvania, sitting by designation.

and the extent of the conflict between defendant and his counsel. *United States v. Corona–Garcia,* 210 F.3d 973, 976 (9th Cir. 2000). In this case, the district court inquired extensively into why Johnson was displeased with his lawyer. Johnson's disagreements with counsel concerned matters of trial tactics committed to the judgment and discretion of counsel, rather than fundamental conflicts over the defense of the case. This, together with the fact that Johnson moved for the continuance on the very day trial was set to begin, persuades us that the district court's denial of Johnson's motion for a continuance was not an abuse of discretion.

Johnson argues that the district court judge impermissibly participated in plea negotiations. Even in the absence of actual prejudice, a defendant who has pled guilty after the judge has participated in plea negotiations is entitled to replead. *United States v. Anderson,* 993 F.2d 1435, 1438–39 (9th Cir.1993), (citing *United States v. Bruce,* 976 F.2d 552, 558 (9th Cir.1992)). In this case, there were no plea negotiations at all. Johnson pled guilty "straight up." The district judge's statements in question were made in response to Johnson's complaints about defense counsel's pessimistic assessment of the case. The district judge merely pointed out that defense counsel's assessment might well be accurate.

Finally, we hold that the district court did not violate Fed.R.Crim.P. 32(c) by including Johnson's 1983 theft conviction in his Criminal History Category calculation. Not only did Johnson waive his right to challenge the information relied upon by the district court by refusing to accept a continuance to further research the matter, but the information the court relied upon was never shown to be false or unreliable by the defendant. The district court's factual findings that led to the inclusion of the 1983 conviction as part of his criminal history calculations were not clearly erroneous.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.