UNITED STATES of America,
Plaintiff–Appellee,

v.

Andre Deshawn WINTERS,
Defendant–Appellant.

No. 05–10570.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2006.

Filed Sept. 28, 2006.

Darin Lahood, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Mario Valencia, Henderson, NV, for Defendant–Appellant.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER,* Senior District Judge.

## MEMORANDUM **

Defendant Andre Deshawn Winters asserts on appeal that the district court improperly denied his attorney's motion to withdraw as counsel prior to trial. Because we agree that the district court failed to conduct an adequate inquiry into that motion, we reverse the conviction and remand for a new trial without reaching the other issues raised. Of course, even though we have not addressed it here, the district court's denial of the competency motion will have no impact on any later competency motion based on Winters' condition at the time of any later proceedings in this case.

We review a district court's denial of a motion to substitute counsel for abuse of discretion, *United States v. D'Amore*, 56 F.3d 1202, 1204 (9th Cir.1995) *overruled on other grounds by United States v. Garrett*, 179 F.3d 1143 (9th Cir.1999), and consider three factors to determine whether a district court has, in fact, abused its discretion: (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into its basis; and (3) the extent of the conflict between the defendant and his lawyer. *United States v. Adelzo–Gonzalez*, 268 F.3d 772, 777 (9th

Cir.2001); *United States v. Rogers*, 769 F.2d 1418, 1423 (9th Cir.1985). Although we "accord the district court sufficient latitude to conduct the proper inquiry under the circumstances," *United States v. Walker*, 915 F.2d 480, 483 (9th Cir.1990), we require the court to make at least *some* attempt to discover the causes of the breakdown of the attorney-client relationship. *See Adelzo–Gonzalez*, 268 F.3d at 777 (finding an inquiry adequate when it provides a "sufficient basis for reaching an informed decision" on the motion).

Here, the district court denied Winters' substitution motion without any inquiry whatsoever, even though Winters' counsel described his relationship with his client as essentially nonexistent. The district court relied only on Winters' earlier statement that he desired to go to trial. The court did not confirm that Winters continued to hold that view despite the possibility of substitute counsel nor consider how the attorney-client relationship was affected by a prior challenge by his attorney to Winters' competency. The court failed to ask a single question of either Winters or his attorney after the motion to substitute counsel was made. The absence of inquiry is particularly striking because "[t]here were compelling reasons here to delve deeper into the nature of [Winters'] relationship with the appointed counsel," *Adelzo–Gonzalez*, 268 F.3d at 778, including defense counsel's assertions that Winters would not look at him, respond to his questions, or take his advice "in any way, shape or form," and Winters' statement in conjunction with the motion for a competency hearing that the court could "put someone else up and they could do a better job" than his current attorney.

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Because the district court failed to conduct an inquiry sufficient to protect Winters' Sixth Amendment rights, the conviction must be vacated, as prejudice is presumed. *See Daniels v. Woodford,* 428 F.3d 1181, 1197 (9th Cir.2005) (holding that the "serious conflict" between the defendant and his attorney "gives rise to a presumption of prejudice"); *D'Amore,* 56 F.3d at 1206 ("[O]ur cases are clear that prejudice need not be shown [from denial of a motion for substitution of counsel.]").

We **REVERSE** the decision of the district court, **VACATE** the conviction and sentence, and **REMAND** for a new trial.