**Randall FERGUSON, Petitioner,**

v.

**Arnold SCHWARZENEGGER, Respondent.**

**No. 07–15246.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2007.*

Filed Feb. 25, 2008.

Lisa M. Bassis, Esq., Law Offices of Lisa Bassis, Los Angeles, CA, for Petitioner.

Gregory A. Ott, Esq., California Attorney General's Office, San Francisco, CA, for Respondent.

Before: SCHROEDER, BYBEE, Circuit Judges, and WU,** District Judge.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. 34(a).

** The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM ***

Randall Ferguson appeals the denial by the district court of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We review that decision *de novo*. *Campbell v. Rice*, 408 F.3d 1166, 1169 (9th Cir.2005) (*en banc*).[1] The single issue raised by Ferguson on appeal is "[w]hether petitioner was denied his Sixth Amendment right to the effective assistance of counsel and his Fourteenth Amendment right to due process when the trial court denied him his right to discharge retained counsel on the day of sentencing and to continue the matter to obtain substitute retained counsel." Appellant's Brief at 2.

On the day of his sentencing in state court and without any prior notice, Ferguson through his retained counsel (*i.e.*, Eric Bates) made an oral motion to continue it in order to obtain a "second opinion of another attorney .... [a]s to the whole overall process of the trial that took place." Appellant's Excerpt of Record ["AER"] at 49–50. When the trial judge indicated that he would not grant a continuance for that reason, Ferguson stated he "was trying to

hire Mr. Hatcher, but he's been in the hospital, in order to represent me through the sentencing...." *Id.* at 50. The judge indicated he was aware of Hatcher's "serious medical problems" and would not continue the sentencing on the "theory that at some point [Hatcher] might be available to represent you." *Id.* at 50–51. Thereafter, Ferguson stated that he wanted to represent himself if the court would not grant the continuance because he did not feel that Bates was "competent and aggressive enough in dealing with the situation." *Id.* at 51. The judge informed Ferguson that the sentencing would go forward and Ferguson could represent himself or have Bates remain as his attorney. *Id.* After a discussion off the record, the judge noted that the defendant " 'indicated he will continue to proceed' with his current attorney ... '[g]iven that, I am unwilling to delay the matter for appearance of Mr. Hatcher as other counsel.' " *Id.* at 43–44.[2]

On appeal, the California appellate court considered Petitioner's motion at the sentencing hearing as two separate continuance requests. The first, which it treated

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Ferguson filed his petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. *See Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, a federal court is permitted to grant habeas relief only if the state court adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption

of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

While Supreme Court precedent is the only authority that is controlling under AEDPA, we may look to Ninth Circuit cases as persuasive authority for purposes of determining whether a particular state court decision involves an unreasonable application of Supreme Court law. *See Vlasak v. Superior Court*, 329 F.3d 683, 687 (9th Cir.2003). In determining whether a state court decision is contrary to federal law, we look to the state's last reasoned decision—in this case, the decision of the California Court of Appeal—as the basis for its judgment. *See Campbell*, 408 F.3d at 1170; *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir.2002).

2. It is clear that, while the trial court did refuse Petitioner's request to continue the sentencing hearing, the judge did not deny Ferguson's request to discharge his then retained counsel (*i.e.*, Bates).

as being denied for lack of good cause, was a request for continuance for the purpose of seeking a "second opinion" regarding "the whole overall process of the trial that took place."[3] The second was a "request for an indefinite continuance in order to hire Mr. Hatcher to represent him at sentencing in the indefinite future once Mr. Hatcher would be released from the hospital."[4] With respect to these requests, the California Court of Appeal applied an abuse of discretion standard that is consistent with clearly established federal law. *See Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *see also United States v. Garrett,* 179 F.3d 1143, 1145 (9th Cir.1999) (*en banc*). Moreover, as noted in *Schell v. Witek,* 218 F.3d 1017, 1024–25 (9th Cir.2000) (*en banc*), in the context of a 28 U.S.C. § 2254(a) habeas review, the abuse of discretion has to rise to the level of a constitutional violation.

A factual finding by the California Court of Appeal (which is not contested by Ferguson) distinguishes the present matter from the cases cited by him and leads to the conclusion that the state court judgment was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.[5] As held by the state appellate court:

... defendant had not retained Mr. Hatcher, and the requested continuance was likely to disrupt the orderly process of justice since the intended substitute counsel was seriously ill and had not indicated when he would be prepared to proceed with sentencing. Given the uncertainty of Mr. Hatcher's availability or intent to represent defendant, the trial court did not abuse its discretion by denying Defendant's motion to continue the sentencing proceedings.

Simply stated, Ferguson has not cited (nor has this court located) any Supreme Court precedent which holds (or even suggests) that it would be an abuse of discretion to deny a request to continue sentencing made for the first time at the sentencing hearing where the defendant wanted to substitute in an attorney who was seriously ill in the hospital and who had not indicated that he was either able or willing to represent the defendant.[6] The Supreme Court has held that "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris,* 461 U.S. at 11–12, 103 S.Ct. 1610 (citing *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841,

**3.** Ferguson does not challenge the trial judge's refusal to continue the sentencing for that reason.

**4.** The treatment of that second request is susceptible to analysis as either a denial of a motion for continuance or a denial of a motion to substitute counsel. *See e.g. United States v. Nguyen,* 262 F.3d 998, 1001 (9th Cir.2001).

**5.** Since Ferguson has not challenged on appeal the factual findings of the state courts, it is apparent that he is not proceeding on the basis of a 28 U.S.C. § 2254(d)(2) argument of an "unreasonable determination of the facts

in light of the evidence presented in the State court proceeding."

**6.** While Ferguson attempts to treat the dispute as simply a denial "of a defendant's motion to substitute counsel" and cites to Ninth Circuit case law in that regard such as *Bland v. California Dep't of Corrections,* 20 F.3d 1469 (9th Cir.1994), *overruled on other grounds, Schell,* 218 F.3d at 1025, the present issue is clearly distinguishable. In the normal situation and as raised in his cited cases, the new attorney has been retained and/or is available. Here, Mr. Hatcher (Ferguson's desired counsel) was neither retained nor known to be available in the near future.

**710**

11 L.Ed.2d 921 (1964)). In addition, "[t]he Sixth Amendment right to choose one's own counsel is circumscribed in several important respects.... [A] defendant may not insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant." *Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). As stated in *United States v. Gonzalez–Lopez,* 548 U.S. 140, 126 S.Ct. 2557, 2565–66, 165 L.Ed.2d 409 (2006):

> Nothing we have said today casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice and recognize the authority of trial courts to establish criteria for admitting lawyers to argue before them.... We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness ... and against the demands of its calendar. [Citations omitted.]

Given: 1) the "wide latitude/broad discretion" of trial judges as to continuances, 2) the absence of applicable Supreme Court precedent in regards to the consideration of a tardy request to substitute in a seriously ill attorney whose willingness to serve is undetermined, and 3) the "highly deferential standard of evaluating state-court rulings" in the 28 U.S.C. § 2254(d) context, *see Lindh,* 521 U.S. at 333 n. 7, 117 S.Ct. 2059, it is clear that the state court here did not: 1) arrive at a conclusion opposite to that reached by the Supreme Court on a question of law, 2) decide the case differently than the Supreme Court on a set of materially indistinguishable facts, or 3) unreasonably apply the correct governing legal principal from the Supreme Court decisions to the facts of

* This panel unanimously finds this case suitable for decision without oral argument. *See*

the petitioner's case. *See Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

For these reasons, Ferguson is not entitled to habeas relief under the standards set by AEDPA. **AFFIRMED.**