**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Carl LUNDSTROM, a.k.a. Buddy,**
**Defendant—Appellant.**

**No. 07–30373.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2008.

Filed Aug. 21, 2008.

Joseph E. Thaggard, Esquire, Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Larry Jent, Esquire, Williams & Jent, PLLP, Bozeman, MT, for Defendant–Appellant.

Before: PREGERSON, CANBY, and NOONAN, Circuit Judges.

MEMORANDUM *

Buddy Lundstrom appeals his convictions for, among other things, possession and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. He argues that the district court deprived him of his Sixth Amendment right to counsel of choice when it denied his motions to withdraw counsel and to continue the case to facilitate the selection of new counsel. He further argues that evidence is not sufficient to support his convictions for conspiracy and attempted possession under counts I and II. We affirm.

■ We review for abuse of discretion a district court's denials of both the motion to withdraw counsel and the motion for a continuance. *United States v. Adelzo–Gonzalez*, 268 F.3d 772, 777 (9th Cir. 2001); *United States v. Garrett*, 179 F.3d 1143, 1144–45 (9th Cir.1999). The court acted reasonably when it denied both motions without prejudice, subject to their being renewed once new counsel was formally retained and admitted to practice in Montana. Lundstrom never renewed the motions. Accordingly, the denials of the motions did not amount to a denial of Lundstrom's Sixth Amendment right.

Evidence is sufficient to support Lundstrom's convictions under counts I and II. Viewed "in the light most favorable to the prosecution, any rational trier of fact could have found" Lundstrom guilty of conspiracy to distribute methamphetamine. *United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002). Circumstantial evidence supports an inference of an agreement at least between Victor King and Lundstrom

to distribute drugs. *See United States v. Montgomery*, 150 F.3d 983, 1002 (9th Cir. 1998) (certain conduct "may be sufficient to indicate the existence of more than a buyer-seller relationship ... including: arranging contacts and meetings ... and transaction[s] in large quantities with regularity."). King testified that Lundstrom was his partner.

■ Evidence is also sufficient to support the jury's finding that Lundstrom attempted to buy 500 or more grams of methamphetamine on October 25, 2006. During a conversation prior to that date, Lundstrom told King to "try to plan [him] for two," meaning two pounds of methamphetamine.

Accordingly, Lundstrom's convictions are AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Allen NYE, Defendant–Appellant.**

**No. 07–10546.**

United States Court of Appeals,
Ninth Circuit.

* This disposition is not appropriate for publication and is not precedent except as provided

Submitted Aug. 11, 2008.*

Filed Aug. 21, 2008.

Christina Brown, Esq., Robert L. Ellman, Office of the U.S. Attorney Lloyd George, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: SILER,** McKEOWN, and CALLAHAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.