FILED

NOT FOR PUBLICATION

JUL 15 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30282 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00035-BLW-1 |
| v. | |
| ROBERT EUGENE BREWSTER, AKA Robert Brewster, AKA Ronald A. Michalski, AKA Robert Eugene Brewster, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted July 12, 2010[**]
Portland, Oregon

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

Robert E. Brewster appeals his jury conviction for unlawful possession of a

firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), unlawful

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), 5871, and unlawful possession of a firearm by a fugitive from justice in violation of 18 U.S.C. § 922(g)(2). Brewster claims that the district court erroneously denied his motion to suppress evidence and his fourth motion for a continuance of the trial, and asserts prosecutorial misconduct based on the government's references during trial to his drug use and possession. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err by denying Brewster's motion to suppress because police officers in Idaho arrested him on the basis of a warrant for a California state parole violation and did not obtain a warrant in Idaho, as required by Idaho Code § 19-4513. The officers had probable cause to arrest Brewster on the basis of the California state warrant, *see Wong Sun v. United States*, 371 U.S. 471, 479-80 (1963), and, therefore, the arrest met "traditional standards of reasonableness" despite the apparent violation of state law. *United States v. Brobst*, 558 F.3d 982, 989-90 (9th Cir. 2009) (citing *Virginia v. Moore*, 553 U.S. 164 (2008)).

Brewster argues that the district court erred in denying his fourth motion to continue the trial, and that denial, along with restrictions set by the district court and interference by U.S. Marshals and prison officials during his incarceration,

2

deprived him of his right to self-representation. We review a district court's denial of a pro se defendant's motion to continue for an abuse of discretion, *United States v. Garrett*, 179 F.3d 1143, 1144-45 (9th Cir. 1999), and "find an abuse of discretion only where the denial was 'arbitrary and unreasonable.'" *United States v. Sarno*, 73 F.3d 1470, 1492 (9th Cir. 1995) (citation omitted). The district court did not abuse its discretion by denying Brewster a continuance, *United States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995), nor did it violate Brewster's Sixth Amendment right to self-representation. *Sarno*, 73 F.3d at 1491. First, the record demonstrates that the district court ensured Brewster reasonable access to legal research, appointed standby counsel and an investigator to assist in preparation of his case, conducted a lengthy series of status conferences to monitor Brewster's access to resources, and established a mechanism by which he could communicate on an unmonitored phone line with witnesses in the prison conference room and send and receive faxes. Brewster availed himself of these resources, filed over fifty motions in district court, and called ten witnesses in his defense. Second, the district court had previously granted three motions for continuance and had already continued the case for several months. Brewster was not prejudiced because he had less time to learn the Rules of Criminal Procedure and Evidence as a pro se defendant. Although Brewster undoubtedly possessed less mastery of evidentiary

and procedural rules than a lawyer, he was appointed standby counsel, "whose presence is intended to steer a defendant through the basic procedures of trial." *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (internal quotation marks and citation omitted).

Brewster contends that the government committed prosecutorial misconduct by repeatedly referencing evidence of drug possession, use, and possible distribution during trial, in violation of Federal Rule of Evidence 404(b). We disagree. The prosecutor's statements did not constitute plain error or materially affect the verdict. *United States v. Sanchez*, 176 F.3d 1214, 1219, 1225 (9th Cir. 1999). Brewster himself first elicited evidence of his drug possession and possible drug dealing while questioning his own witness, Detective Turner, and the district court struck the prosecution's reference to his drug possession and use when Brewster made the proper objection. The prosecution's reference to his prior drug use and possession during the arrest did not make it "more probable than not" that the jury would reach a materially different verdict, *Sanchez*, 176 F.3d at 1225, and the government did not argue that Brewster's drug use and possession was related to his guilt of the offenses of conviction.

**AFFIRMED.**



***U.S. v. Brewster***, **Case No. 09-30282**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.