FILED

NOT FOR PUBLICATION

DEC 08 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50087 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00289-ODW-1 |
| v. | |
| SHERVIN NEMAN, AKA Shervin Davatgarzadeh, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted December 6, 2016**
Pasadena, California

Before: D.W. NELSON and OWENS, Circuit Judges, and KORMAN,*** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Shervin Neman ("Neman") appeals his conviction and 135-month sentence for wire fraud, 18 U.S.C. § 1343, and mail fraud, 18 U.S.C. § 1341. Neman argues that the district court: (1) abused its discretion and violated his right to counsel by denying his requests for continuances and substitute counsel; and (2) erred in imposing a two-level vulnerable victim enhancement under the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM** Neman's conviction and sentence.

## I.

First, the district court did not abuse its discretion or violate Neman's right to counsel in denying his three separate requests for continuances on April 8, April 25, and May 12, 2014.

The denial of a continuance is reviewed for an abuse of discretion. *United States v. Nguyen*, 262 F.3d 998, 1002–04 (9th Cir. 2001). "When a decision to grant or deny a continuance implicates a defendant's Sixth Amendment right to counsel, a court must balance several factors to determine if the denial was fair and reasonable." *United States v. Thompson*, 587 F.3d 1165, 1174 (9th Cir. 2009) (internal quotation marks and citation omitted). "At a minimum, however, in order to succeed the appellant must show some prejudice resulting from the court's denial." *Armant v. Marquez*, 772 F.2d 552, 556–57 (9th Cir. 1985). "When

denying a continuance, especially one that arguably implicates the defendant's right to counsel, the district court should summarize in the record its reasons for the denial." *United States v. Garrett*, 179 F.3d 1143, 1147 (9th Cir. 1999).

Here, the district court adequately summarized on the record its reasons for denying Neman's requests for continuances. Furthermore, the *Thompson* factors do not suggest that the court acted unfairly or unreasonably, and Neman was not prejudiced by the court's denials. Accordingly, the district court did not abuse its discretion or violate Neman's right to counsel by denying his requests for continuances.

## II.

Second, the district court did not err in denying Neman's two separate requests for (1) new appointed counsel on April 25, 2014, and (2) substitute retained counsel on May 12, 2014.

We review the denial of a motion for substitution of counsel for abuse of discretion. *Nguyen*, 262 F.3d at 1004. When a defendant "requests new court-appointed counsel in place of an existing appointed attorney . . . we consider (1) the timeliness of the substitution motion and the extent of resulting inconvenience or delay; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his

attorney was so great that it prevented an adequate defense." *United States v. Rivera Corona*, 618 F.3d 976, 978 (9th Cir. 2010). However, a different test applies when a defendant who can afford to hire his own attorney requests substitute retained counsel. In such a case, the defendant "may have the counsel of his choice unless a contrary result is compelled by purposes inherent in the fair, efficient and orderly administration of justice." *Id.* at 979 (internal quotation marks and citation omitted).

Here, after adequately inquiring into Neman's initial request for new appointed counsel on April 25, the district court reasonably found that the alleged conflict between Neman and his attorney would not prevent an adequate defense, and that substituting counsel would unnecessarily delay trial.

Additionally, the court's denial of Neman's final request for substitute retained counsel on the day before trial – which would have required over 30 witnesses to rearrange their schedules and would have potentially jeopardized the ability of one key elderly witness to participate at all – was fully supported "by purposes inherent in the fair, efficient and orderly administration of justice." *Rivera Corona*, 618 F.3d at 979 (internal citations omitted). Accordingly, the district court did not abuse its discretion or deprive Neman of his right to counsel by denying his two requests for new counsel.

**III.**

Last, the district court did not clearly err by concluding that Robert Turner was a vulnerable victim and that a two-level sentencing enhancement was warranted.

Because the application of the vulnerable victim enhancement is a factual finding, we review the district court's determination for clear error. *United States v. Randall*, 162 F.3d 557, 560 (9th Cir. 1998). Under the Sentencing Guidelines, "[a] two-level enhancement 'applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability.'" *United States v. Lloyd*, 807 F.3d 1128, 1172 (9th Cir. 2015) (quoting U.S.S.G. § 3A1.1(b)(1), cmt. n. 2). "A vulnerable victim is a person . . . who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* (internal quotation marks and citation omitted). As we have consistently held, "when, as here, a defendant 'reloads' victims by soliciting more money from those who have already proven susceptible to an investment fraud . . . the vulnerable-victim enhancement is appropriate." *Id.* at 1172–73.

At the sentencing hearing, the district court found that Neman reloaded Turner in furtherance of his investment fraud scheme. Indeed, the court explained

5

that for "a period of about 18 months [Turner] had been making investments with [Neman]," and "whether or not [Turner] was . . . getting any returns . . . [Neman] [was] able to go back to [Turner] repeatedly and get him to continue to make investments with [Neman]." Based on these facts, the district court did not clearly err in finding that Turner was a vulnerable victim and that a sentencing enhancement was therefore warranted.

## IV.

Accordingly, we affirm Neman's conviction and 135-month sentence for wire fraud and mail fraud.

**AFFIRMED.**