**NOT FOR PUBLICATION**

# FILED

JUL 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50448 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cr-00112-BRO-1 |
| v. | |
| ANTONIO ANGUIANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50023 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cr-00037-JAK-1 |
| v. | |
| JENNIFER CHOI, AKA Jennifer Young<br>Choi, AKA Jennifer Harris, | |
| Defendant-Appellant. | |

Appeal from the United States District Court

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted July 9, 2018
Pasadena, California

Before: PAEZ, FISHER[**] and CHRISTEN, Circuit Judges.

Antonio Anguiano and Jennifer Choi ("the defendants") appeal the district courts' denial of their motions to continue sentencing proceedings and to enjoin further prosecution in these cases based on the administration of the Criminal Justice Act ("CJA") within the Central District of California. Choi also appeals the denial of her alternative motion to dismiss. The defendants argue the current CJA program results in biased tribunals and unconstitutional interference with the defense.[1] We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion for a continuance for abuse of discretion, *see United States v. Garrett*, 179 F.3d 1143, 1144–45 (9th Cir. 1999) (en banc), and we review the denial of motions for injunctive relief and dismissal under the same standard, *see Rodde v. Bonta*, 357 F.3d 988, 994 (9th Cir. 2004). We review the constitutional challenges de novo. *See United States v. Ridgway*, 300 F.3d 1153, 1155 (9th Cir. 2002)

---

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

[1] The defendants do not raise ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984).

2

(reviewing due process challenge de novo); *United States v. Ortega*, 203 F.3d 675, 679 (9th Cir. 2000) (reviewing challenge to right to counsel de novo). We affirm.

1. The district courts did not abuse their discretion by denying the motions to continue sentencing proceedings. In determining whether a district court abused its discretion in denying a requested continuance, we analyze the following factors: (1) the defendant's diligence in preparing his case; (2) the likelihood that the continuance would serve a useful purpose; (3) the inconvenience to the court and opposing party; and (4) the harm the defendant suffered as a result of the denial of the continuance. *See United States v. Mejia*, 69 F.3d 309, 314–15 (9th Cir. 1995). "We may not reverse unless the party whose request was denied suffered prejudice." *Id.* at 316. Here, the defendants have not demonstrated that they suffered prejudice from the denial of the continuance, nor have they shown that the other factors weigh in their favor.

2. The district courts did not abuse their discretion by denying the motions to enjoin further prosecution. A party seeking a preliminary injunction must establish: (1) the likelihood of success on the merits; (2) that the party seeking the injunction will likely suffer irreparable injury absent an injunction; (3) that the balance of inequities tips in the movant's favor; and (4) that an injunction is in the

public interest. *See Rodde*, 357 F.3d at 994. The defendants have not shown that they meet these requirements, and thus injunctive relief was not warranted.

3. The defendants' challenge to the impartiality of the district courts lacks merit. There are "two main categories of due process challenges based on structural bias": (1) when the presiding judge has a "direct, personal, substantial pecuniary interest" in the case; and (2) when the presiding judge, because of his or her institutional responsibilities, would have a strong motive to resolve the case in a way that would disfavor a particular party. *See Alpha Epsilon Phi Tau Chapter Hous. Ass'n v. City of Berkeley*, 114 F.3d 840, 844 (9th Cir. 1997) (internal quotation marks and citation omitted); *Tumey v. Ohio*, 273 U.S. 510, 523–32 (1927). Neither of these situations exist here.

4. Finally, to the extent the defendants assert violations of their right to counsel based on alleged judicial interference with the independence of the defense, their arguments are not persuasive. The fact that the judiciary administers the CJA program does not in itself violate the defendants' right to counsel. Furthermore, with respect to their own cases, the defendants' generalized complaints do not show they were denied independent counsel.

5.  For all of the above reasons, the district court properly denied defendant Choi's alternative motion to dismiss.[2]

**AFFIRMED.**

---

[2] We deny Choi's motion to supplement the record on appeal.