**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10393 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00250-SI-2 |
| v. | |
| KEVIN KYES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted December 2, 2019[**]
San Francisco, California

Before: SILER,[***] BYBEE, and R. NELSON, Circuit Judges.

Kevin Kyes appeals his conviction for several counts of wire fraud, money

laundering, and conspiracy. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Mr. Kyes contends that the district court improperly permitted bad-acts evidence and prejudicially denied a continuance of trial. Specifically, Mr. Kyes asserts that the district court erred in allowing a stipulation to be read to the jury that Mr. Kyes and his co-conspirator owed money to several named individuals. He also argues that the district court should have granted a continuance because Mr. Kyes was experiencing an episode of ill health that made it difficult for him to meaningfully participate at trial. We review both issues for abuse of discretion. *United States v. Parks*, 285 F.3d 1133, 1141 (9th Cir. 2002); *United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001); *United States v. Garrett*, 179 F.3d 1143, 1144–45 (9th Cir. 1999).

1. Mr. Kyes argues that reading the stipulation regarding his owing debts to several individuals violated Federal Rule of Evidence 404(b) by impermissibly introducing prior-bad-acts evidence. He also asserts that the stipulation was unduly prejudicial under Rule 403.

A simple reading of the stipulation, however, fails to show anything harmful or unduly prejudicial to Mr. Kyes. The stipulation simply states that Mr. Kyes, his co-conspirator, and entities controlled by them owed money to named individuals. Nothing in the stipulation implies that Mr. Kyes or his co-conspirator had attempted to defraud these individuals. And Mr. Kyes points to no case holding

that simply being indebted to others constitutes a prior bad act warranting exclusion under Rule 404(b).  Meanwhile, establishing that Mr. Kyes and his affiliates owed money to the named individuals potentially provided proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" in a case involving money laundering and wire fraud.  Fed. R. Evid. 404(b)(2).  For the same reason, such evidence is highly relevant—meaning there is no apparent abuse of discretion under Rule 403.  And even assuming that allowing this stipulation was erroneous, Mr. Kyes all but concedes that the other evidence in this case was overwhelming.  Thus, the admission of the stipulation would be nothing more than harmless error.  *See United States v. Yazzie*, 59 F.3d 807, 814 (9th Cir. 1995).

2.  Mr. Kyes next contends that the district court abused its discretion in not granting a continuance of trial to allow Mr. Kyes to recover from a health incident.  On the morning trial was scheduled to begin, Mr. Kyes checked himself into a hospital complaining of chest pain.  He was discharged from the hospital by 8:30 that morning, but rather than going to court, he drove to see his primary-care physician.  Mr. Kyes then received a doctor's note saying that he should be excused from court for seven to ten days.

Mr. Kyes made no concerted effort to contact the district court after his discharge from the hospital. The district court also noted that Mr. Kyes had told hospital staff that he had an appointment scheduled with his primary-care physician that day—even though trial was scheduled to commence. As for his health, the district court found that there was no need to continue the trial date. The court found that Mr. Kyes was taking his medication and that he had been able to participate in trial without any apparent problem. The court then highlighted how a continuance would significantly inconvenience the government. Specifically, the government's three main witnesses had flown to California from Japan and a Japanese interpreter had been retained for the week. Further still, a forty-nine person venire had been assembled and the district judge's schedule would have likely precluded trial for at least another eight weeks.

Nothing in the record suggests an abuse of discretion. The district court specifically noted that Mr. Kyes exhibited no signs of physical distress during trial and that he was able to assist in his defense. Thus, denying the motion for continuance resulted in no apparent prejudice to Mr. Kyes. The court also emphasized that Mr. Kyes had not been diligent in contacting the court about a health issue which—considering his discharge from the hospital—did not appear urgent. Meanwhile, the court found that the government would be harmed by a

continuance and also noted the inconvenience to the court of postponing a long-planned trial. Given the district court's weighing of these factors, no abuse of discretion is apparent. *See United States v. Flynt*, 756 F.2d 1352, 1359–62 (9th Cir. 1985).

AFFIRMED.