**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Faron Wade JONES, Defendant–Appellant.**

No. 03–30078.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Filed Dec. 30, 2003.

Jeremy S. Yellin, Fort Benton, MT, for the defendant-appellant.

Klaus P. Richter, Assistant United States Attorney, Billings, MT, for the plaintiff-appellee.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

T.G. NELSON, Circuit Judge.

Faron Wade Jones appeals his convictions for abusive sexual contact and attempted sexual abuse. Among other arguments on appeal, Jones contends that the district court erred in refusing to provide the jury with written instructions. We affirm the district court's decision not to provide written instructions. Jones' remaining issues on appeal are addressed in a companion unpublished disposition issued on December 30, 2003.

## FACTUAL AND PROCEDURAL BACKGROUND

Jones was arrested on June 3, 2000, in connection with the sexual molestation of an unconscious woman. Jones was charged with one count of abusive sexual contact in violation of 18 U.S.C. §§ 1153 and 2244(a)(2) and one count of attempted sexual abuse in violation of 18 U.S.C. § 2242(2). The case against Jones was relatively straightforward. Several witnesses, including an eyewitness to the sexual contact, testified for the prosecution, and Jones himself made admissions to a case investigator regarding his conduct.

When the case was submitted to the jury, the defense requested that the court provide the jury with a written packet of instructions delineating the charges. The court responded:

[I]t is not my practice to submit the written instruction packet to the jury. And the very limited number of times in which there has been some question about instructions that has been raised for the jury, I have, upon consultation

with counsel, reached an accord about additional instructions or reinstruction to be given. And we bring the jury back and reinstruct on whatever those issues are and allow them to continue with their deliberations.

The jury, however, later asked the court to clarify the elements of the two charges, as they were apparently confused regarding the distinctions between the two.[1] The court did so orally. The defense again requested that written instructions be provided, explaining the basis for concern:

My observation was that at least two of the jurors were taking notes during some of the court's instruction. And my concern is they may miss some or part of what the court has read and use that some or part that they have written as the basis to render a verdict.

The court denied this request, stating, "I think the matter has been appropriately addressed for the jury. I'm satisfied that the jury has the instructions in mind. If they have additional questions, we will, of course, be glad to further instruct as is appropriate."

The jury found Jones guilty on both counts. On appeal, Jones contends that the district court's refusal to provide written jury instructions was in error. He does not dispute the content of the instructions given, only their form.

## ANALYSIS

We adopt the approach of our sister circuits and review the district court's decision not to provide written jury instructions for an abuse of discretion.[2] The district court must, in exercising its discretion, take into account such factors as the number and complexity of the issues litigated, the complexity of the charges and evidence presented, and other factors that may affect the jury's full understanding of the case. However, we agree with our sister circuits that the trial judge may assure himself or herself of the jury's understanding by "consideration of the instructions given, ... observation of the jurors in the courtroom, requests from the jury during its deliberations and ... consideration of the verdict rendered."[3]

The district court in this case acted well within its discretion. Although the jurors initially expressed confusion regarding the exact elements of the two charges,

1. Title 18 U.S.C. § 2242 provides:
   Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly ... (2) engages in a sexual act with another person if that other person is
   (A) incapable of appraising the nature of the conduct; or
   (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act;
   or attempts to do so, shall be fined under this title, imprisoned not more than 20 years, or both.
   In comparison, 18 U.S.C. § 2244(a) prohibits "knowingly engag[ing] in or caus[ing] sexual contact with or by another person, if so to do would violate ... (2) section 2242 of this title had the sexual contact been a sexual act." Sexual contact is defined as "intentional touching ... of the genitalia ... with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person," while a sexual act involves actual penetration or oral or genital contact with the victim's genital area. 18 U.S.C. § 2246(2), (3).

2. Other circuits consistently have reviewed the decision whether to provide written instructions for an abuse of discretion. *See, e.g., United States v. Russo*, 110 F.3d 948, 953 (2d Cir.1997); *United States v. Sotelo*, 97 F.3d 782, 792 (5th Cir.1996); *United States v. Holman*, 680 F.2d 1340, 1354 (11th Cir.1982); *United States v. Conley*, 503 F.2d 520, 522 (8th Cir.1974); *Oertle v. United States*, 370 F.2d 719, 729 (10th Cir.1966).

3. *Oertle*, 370 F.2d at 729.

the court orally clarified those elements. Jones argues that the district court abused its discretion in failing to provide written instructions because the jurors may have paid undue consideration to only certain portions of the oral instructions or to their own notes. A similar line of reasoning, however, has been urged in *opposition* to written instructions. For example, the Fifth Circuit has stated that the practice of providing jury instructions "is conducive to dissection of the charge by the jury and overemphasis of isolated parts rather than consideration of the charge as a whole.... [T]he likelihood of undue concentration on a specific paragraph or sentence[is], in all probability, greatly increased."[4] Neither system is foolproof and neither is necessarily appropriate for every situation. A certain amount of discretion rests with the court in its decision regarding which system to apply.

While providing the jury with written instructions has become increasingly common in the past decades, it is not automatically required.[5] The district court's decision in this case was well-considered and appropriate, given the relative simplicity of the case, the court's observations of the jurors' understanding, and Jones' lack of objection to the content of the oral instructions. No abuse of discretion occurred.

AFFIRMED.

---

4. *United States v. Schilleci*, 545 F.2d 519, 526 (5th Cir.1977); *see also Sotelo*, 97 F.3d at 792–93 (stating that a trial court does not abuse its discretion in refusing to provide written jury instructions, even when the jury expressed confusion over certain portions of the oral instructions and requested that the court re-read only those portions to the jury).

5. *See, e.g., Schilleci*, 545 F.2d at 526; *Russo*, 110 F.3d at 953–54.