FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERT JUAN ORTEGA,

Defendant - Appellant.

No. 11-50334

D.C. No. 2:10-cr-00825-R-1

MEMORANDUM[*]

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL MAGANA, AKA Mike,

Defendant - Appellant.

No. 11-50401

D.C. No. 2:10-cr-00825-R-2

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted May 7, 2013
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW and MURGUIA, Circuit Judges, and RESTANI, Judge.[**]

Albert Ortega and Michael Magana appeal their convictions for kidnapping and conspiracy to kidnap, in violation of 18 U.S.C. §§ 1201(a) and 1201(c). Albert Ortega also appeals his convictions for possession with intent to distribute methamphetamine and conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 841(b); possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924; and possession of a firearm during a crime of violence, also in violation of 18 U.S.C. § 924. Michael Magana also appeals his sentence of 300 months imprisonment and five years supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. Ortega

A.    We decline to reach Ortega's claim that he received ineffective assistance of counsel as a result of his counsel's conflict of interest. We usually decline to reach ineffectiveness challenges on direct appeal, "because the claim cannot be advanced without development of facts outside the record. The same approach has been taken for claims of ineffectiveness due to a conflict of interest."

---

[**]    The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

*United States v. Hanoum*, 33 F.3d 1128, 1131 (9th Cir. 1994); *see also United States v. Wagner*, 834 F.2d 1474, 1483 (9th Cir. 1987) ("The record before us illustrates precisely why ineffective assistance claims cannot generally be evaluated on direct appeal."). The record demonstrates that Ortega's trial counsel simultaneously represented Ortega and an unindicted coconspirator and that Ortega's oral waiver of this conflict was deficient. *See Lockhart v. Terhune*, 250 F.3d 1223, 1232-33 (9th Cir. 2001) (explaining that, for a defendant to "knowingly and intelligently" waive his right to conflict-free counsel, he must be informed "of the specific ramifications of his waiver"). However, the record is insufficiently developed at this stage to determine whether this conflict made it "likely" that there was "some effect on [Ortega's counsel's] handling of particular aspects of the trial." *United States v. Miskinis*, 966 F.2d 1263, 1268 (9th Cir. 1992) (quoting *Mannhalt v. Reed*, 847 F.2d 576, 583 (9th Cir. 1988)). Ortega remains free to raise these claims in a collateral attack on his conviction under 28 U.S.C. § 2255. *See Hanoum*, 33 F.3d at 1131 ("The customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255, and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal.").

B.      The district court did not abuse its discretion when it refused to grant Ortega's motions for a continuance on the eve and morning of trial.  "[B]road discretion must be granted trial courts on matters of continuances."  *United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999) (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)).  The district court, already having granted multiple continuances, also granted Ortega's motion to substitute his counsel less than a month prior to trial on the condition that the substitution not delay the trial.  Given this, the district court acted well within its discretion when it refused to grant an additional continuance on the ground that Ortega's counsel felt unprepared for trial.  *See Garrett*, 179 F.3d at 1147 (concluding that a district court had not abused its discretion when denying a continuance, despite failing to adequately explain its reasons for doing so, when the defendant moved to replace his counsel shortly before trial).  However, even if the district court had abused its discretion by refusing to continue the trial, any error would have been harmless in light of the overwhelming evidence of Ortega's guilt produced at trial.  *See United States v. Kloehn*, 620 F.3d 1122, 1130 (9th Cir. 2010) ("An arbitrary denial of a continuance is subject to the harmless error test.").

**II. Magana**

A. The district court did not err by refusing to suppress the kidnapping evidence that was intercepted pursuant to the wiretap authorization. *See United States v. Lynch*, 367 F.3d 1148, 1159 (9th Cir. 2004). While kidnapping was not listed as one of the target offenses in the wiretap authorization, the kidnapping evidence does not fall within 18 U.S.C. § 2517(5) as evidence of "offenses other than those specified in the order of authorization" because the kidnapping "arose out of and was closely related to" the targeted narcotics and money laundering offenses. *United States v. Homick*, 964 F.2d 899, 904 (9th Cir. 1992). Accordingly, it was not necessary for the prosecution to seek authorization for the interception or disclosure of the kidnapping evidence under § 2517(5).[1] *See id.*

B. The district court did not err by joining for trial the conspiracy and kidnapping charges against Ortega and Magana with the conspiracy, narcotics, and firearms charges against Ortega under Federal Rule of Criminal Procedure 8(b). *See United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994). Joinder was proper because the kidnapping was performed to settle a drug debt owed to Ortega, and thus the charges were "logically related." *United States v. Sarkisian*, 197 F.3d 966, 976 (9th Cir. 1999) (explaining that joinder is appropriate where the

_____

[1] We therefore need not reach the district court's alternative basis for its ruling—that another district court judge actually authorized the use of the wiretap kidnapping evidence.

charges are "logically related," and that Rule 8(b) "is construed liberally in favor of joinder"). Whether Magana participated in or even was aware of all of the offenses that were joined under Rule 8(b) does not change this analysis. *See United States v. Golb*, 69 F.3d 1417, 1426 (9th Cir. 1995) (holding that joinder of multiple charges was appropriate where one defendant was unaware of some of the offense conduct because the offenses were "[o]bviously" related to one another).

Nor did the district court abuse its discretion when it denied Magana's motion to sever his and Ortega's trials. *See United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008). Magana argues that he presented a sufficiently antagonistic defense at trial to justify severance—that it was Ortega acting alone who beat Vince with a baseball bat. However, battery is not an element of kidnapping under 18 U.S.C. § 1201, and both Ortega and Magana could be found guilty of kidnapping Vince regardless of who had actually beaten him. Accordingly, Magana's defense was not sufficiently antagonistic to merit severance. *See United States v. Hanley*, 190 F.3d 1017, 1028 (9th Cir. 1999) (superseded by statute on other grounds) ("A criminal defendant is entitled to a separate trial on the ground of mutually antagonistic defenses only if the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of

6

the defendant." (internal quotations omitted)).  Moreover, the district court's limiting instruction cured any potential spillover effect from the evidence of Ortega's drug charges to the kidnapping charges against Magana.  *See Sullivan*, 522 F.3d at 981-82.

C.    The district court did not abuse its discretion when it refused to provide the jury with a written copy of the jury instructions.  *See United States v. Jones*, 353 F.3d 816, 818 (9th Cir. 2003).  "While providing the jury with written instructions has become increasingly common in the past decades, it is not automatically required."  *Id.* at 819.  The district court's decision, while somewhat perfunctory, was sufficiently "well-considered and appropriate, given the relative simplicity of the case, the court's observations of the jurors' understanding, and [the defendants'] lack of objection to the content of the oral instructions."  *Id*.

D.    Viewing the evidence presented at trial in the light most favorable to the prosecution, a "rational juror could have found beyond a reasonable doubt" that Magana was guilty of the crimes as charged.  *United States v. Bennett*, 621 F.3d 1131, 1133 (9th Cir. 2010).  The prosecution presented overwhelming evidence of Magana's guilt, including wiretap transcripts which chronicled Vince's kidnapping, physical evidence, and witness testimony by Vince, Abby, and the

7

officers. There is no basis to conclude on this record that there was insufficient evidence to support Magana's conviction.

E. The district court did not abuse its discretion when it sentenced Magana to 300 months imprisonment followed by five years of supervised release and 20 hours of weekly community service. *See Gall v. United States*, 552 U.S. 38, 49 (2007). Magana does not point to any procedural or substantive error which would merit reversal and the district court adequately considered the 18 U.S.C. § 3553(a) factors during sentencing. *See United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Magana's sentence represented a downward departure from the advisory Guidelines range of 360 months to life, and in light of the totality of the circumstances, this below-Guidelines range was substantively reasonable. *See Gall*, 552 U.S. at 51.

### III. Evidentiary Rulings and Other Issues

A. Ortega and Magana were given the opportunity to fully and effectively cross examine the prosecution's witnesses, and the district court did not abuse its discretion when it limited further questioning. *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (explaining that district courts have "wide discretion in determining whether evidence is supported by proper foundation,

whether it is relevant and whether its probative value substantially outweighs any danger of unfair prejudice").

B.      Regardless of whether the impeachment testimony against Tina Ramirez was admissible to prove bias, *see United States v. Abel*, 469 U.S. 45 (1984), Magana and Ortega failed to object to this testimony under either Federal Rule of Evidence 403 or 608, and its admission does not amount to plain error. *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990) (explaining that plain error review applies where a party fails to "timely object and state the specific grounds for his objection").

C.      Agent Gutierrez's testimony concerning the criminal investigation and wiretaps in this case was not overly extensive as to the application and authorization of the wiretaps and investigation and thus did not amount to vouching. *See United States v. Brooks*, 508 F.3d 1205, 1210-11 (9th Cir. 2007) (concluding that extensive and unnecessarily detailed testimony concerning the wiretap application process by government agents constituted impermissible vouching). Moreoever, even if Agent Gutierrez's testimony had constituted vouching, neither defendant objected on these grounds during trial, and the district court's error in allowing the testimony, if any, was not plain. *See id.* at 1211

9

(concluding that admission of impermissible vouching testimony did not constitute plain error in part due to the strength of the case against the defendant).

D.     Magana and Ortega also failed to object to Agent Gutierrez's testimony as to the meaning of phrases intercepted by the wiretap.  They now argue that this testimony was improper opinion testimony under Federal Rule of Evidence Rule 701.  Even if the district court erred by permitting Agent Gutierrez to give expert testimony without first being qualified as an expert witness, *see United States v. Greeman*, 498 F.3d 893, 904 (9th Cir. 2007), this error does not rise to the level of plain error.  *See Gomez-Norena*, 908 F.2d at 500.

**AFFIRMED.**