**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4245**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

IRVINE JOHNSTON KING, a/k/a Irvine Johnson King,

                    Defendant - Appellant.

———————————

**No. 13-4246**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

AISHA RASHIDATU KING,

                    Defendant - Appellant.

———————————

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:12-cr-00180-CMH-1; 1:12-cr-00180-CMH-2)

———————————

Submitted:  November 25, 2013        Decided:  December 6, 2013

———————————

Before DUNCAN, DAVIS, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Eric A. White, John P. Elwood, VINSON & ELKINS LLP, Washington, D.C., for Appellants.  Dana J. Boente, Acting United States Attorney, Timothy D. Belevetz, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irvine Johnston King and Aisha Rashidatu King (collectively, "the Kings") were convicted following a jury trial of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (2012), numerous counts of health care fraud, in violation of 18 U.S.C. § 1347 (2012), and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). In these consolidated appeals, the Kings argue that the district court erred in responding orally to the jury's request for a written copy of the jury instructions pertaining to the statutory elements of the Kings' offenses. We disagree and affirm.

Because the Kings timely objected, we review for an abuse of discretion the district court's decision to respond to the jury's request and the form of that response. United States v. Foster, 507 F.3d 233, 244 (4th Cir. 2007). Likewise, a district court's decision not to provide a jury with a written copy of the instructions is reviewed for an abuse of discretion. United States v. Jones, 353 F.3d 816, 818 & nn.2-3 (9th Cir. 2003) (collecting cases). "In responding to a jury's request for clarification on a charge, the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." Foster, 507 F.3d at 244 (internal quotation marks and alteration omitted).

3

"The particular words chosen, like the decision whether to issue any clarification at all, are left to the sound discretion of the district court," United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995), and "[a]n error requires reversal only if it is prejudicial in the context of the record as a whole." Foster, 507 F.3d at 244.

Here, we conclude that the district court did not abuse its discretion. The Kings identify no legal error in the district court's response to the jury's request for reinstruction, and the district court's comments primarily tracked the relevant portion of the court's original jury instructions, to which the Kings did not object. Accordingly, the record does not support the partiality the Kings suggest. See United States v. Martinez, 136 F.3d 972, 977-78 (4th Cir. 1998); Smith, 62 F.3d at 645-46; United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390 (4th Cir. 1993).

Also unavailing is the Kings' reliance on United States v. Van Dyke, 14 F.3d 415 (8th Cir. 1994), and suggestion that the district court left the jury hopelessly confused, improperly deprived of written instructions, and biased by the court's comments during trial. Assuming for the sake of argument that the Kings' charges were as complicated as they claim, the jury never requested a full written copy of the jury instructions, and the Kings expressly agreed with the district

court's refusal to provide such — a sharp break with the facts of Van Dyke. See id. at 423. Also unlike Van Dyke, the jury here did not seek further clarification following the district court's reinstruction, and thus there was no clear indication that the jury remained confused regarding the elements of the Kings' offenses. Id.; see United States v. Burgess, 684 F.3d 445, 453-54 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012); see also United States v. Glover, 681 F.3d 411, 423 (D.C. Cir.), cert. denied, 133 S. Ct. 548 (2012), and 133 S. Ct. 559 (2012), and 133 S. Ct. 568 (2012); United States v. Sotelo, 97 F.3d 782, 792-93 (5th Cir. 1996). Further, the record also belies the Kings' claim that the district court's comments during trial signaled incredulity of the Kings' defense. For these reasons, we conclude that the district court did not abuse its discretion in responding to the jury's request for reinstruction.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED