**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN WARREN MUNN,

      Petitioner-Appellant,

v.

T. C. PETERSON, and FEDERAL
CORRECTIONAL INSTITUTION - EL
RENO,

      Respondents-Appellees.

No. 05-6147

(D.C. No. CIV-05-59-L)
(W.D.Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Petitioner John Munn, a federal prisoner appearing pro se, appeals from the district court's denial of his 28 U.S.C. § 2241 habeas petition. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In 1975, Munn was convicted of bank robbery in the United States District Court for the Western District of Oklahoma and sentenced to a term of imprisonment of twenty years. Munn was paroled in 1978, after serving three and one-half years of the twenty-year sentence. While on parole, Munn was arrested by Oklahoma state authorities and ultimately convicted in Oklahoma state court of first degree rape and pointing a firearm. Munn's criminal conduct while on parole led the United States Parole Commission (USPC) in June of 1984 to revoke Munn's parole. In doing so, the USPC stated that the unexpired portion of Munn's federal sentence would begin when Munn was released or paroled from imprisonment on the Oklahoma state convictions. On July 30, 2003, Munn was released from state custody and immediately taken into federal custody by the United States Marshals Service. Petitioner is now confined in the Federal Correctional Institution in El Reno, Oklahoma, serving the remainder of his federal sentence.

On January 18, 2005, Munn filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Munn alleged that when he was taken into federal custody on July 30, 2003, the parole violator warrant did not have attached to it an original or certified copy of the judgment and commitment order issued by the federal district court that sentenced him in 1975. Munn alleged that the judgment and commitment order was "the essential prerequisite instrument of authority that [had to] be

2

attached to, in place with, and/or accompanying the violator warrant to give authority, power, force and effect of law for [his] reincarceration . . . in a federal penal or correctional facility." ROA, Doc. 1, at 2. Munn further alleged that, since being returned to federal custody, federal authorities had been unable to locate an original or certified copy of the judgment and commitment order. Based upon these allegations, Munn asserted that his procedural due process rights had been violated, and that he was entitled to immediate release from federal custody.

Respondents moved to dismiss Munn's petition, arguing in pertinent part that the Bureau of Prison's authority to accept custody of a parole violator such as Munn was based upon the parole violator warrant issued by the USPC, and not the judgment and commitment order initially issued in his or her underlying criminal case. Thus, respondents argued that Munn was lawfully in federal custody and was not entitled to federal habeas relief.

The magistrate judge issued a detailed report and recommendation concluding there was no merit to Munn's petition and recommending that it be denied on the merits.[1] In reaching this conclusion, the magistrate judge noted that "[n]one of the authorities cited by [Munn] support[ed] his claim that due process require[d] that a judgment and commitment order accompany a parole violator upon his return to BOP custody . . . ."

---

[1] The magistrate judge agreed with respondents that Munn had failed to exhaust his administrative remedies, but concluded it was appropriate to deny the petition on the merits because no credible federal constitutional claim was asserted therein. ROA, Doc. 15, at 5.

3

ROA, Doc. 15, at 7. Further, the magistrate judge noted that BOP Program Statement 5800.12, a copy of which was submitted by respondents in connection with their motion to dismiss, expressly states that a parole violator warrant issued by the USPC is the documentation normally used by the BOP when it receives and commits a parole violator such as Munn (as opposed to a judgment and commitment order, which is used by the BOP when a federal prisoner is initially received into custody by the BOP after sentencing). Lastly, the magistrate judge noted that Munn did not "dispute either the fact of his conviction or the length of his sentence," nor did he "dispute the fact of his parole violation or the length of his parole violator sentence." Id. at 8.

Munn objected to the magistrate judge's report and recommendation, but the district court overruled those objections and, in accordance with the magistrate judge's recommendation, dismissed Munn's habeas petition on the merits. In doing so, the district court stated:

> The Magistrate Judge properly found that a parole commission parole violator warrant is included in the BOP's list of documentation normally used to commit prisoners to BOP facilities. [Munn] has failed to provide any authority to support his claim that due process requires that a judgment and commitment order accompany a parole violator upon return to BOP custody. Therefore, the Magistrate Judge was correct in finding that petitioner's due process rights were not violated when he was returned to federal custody by virtue of a parole violator warrant rather than a parole violator warrant with a judgment and commitment order.

ROA, Doc. 17, at 1-2.

Reviewing the district court's order of dismissal de novo, see Bledsoe v. United States, 384 F.3d 1232, 1235 (10th Cir. 2004), we agree that Munn has failed to state a

4

claim upon which federal habeas relief can be granted. Munn has cited no authority, and we have found none, indicating that a federal parole violator is entitled, as a matter of due process or otherwise, to have a copy of his original judgment and commitment order attached to the parole violator warrant issued by the USPC. Further, we are not persuaded that the absence of an original or certified copy of Munn's 1975 judgment and commitment order does anything to undermine the legitimacy of his current confinement. As the magistrate judge correctly outlined, the record establishes that, in accordance with its Program Statement, the BOP routinely relies solely on parole violator warrants issued by the USPC when it takes parole violators into custody. It is also significant to note, as did the magistrate judge, that Munn does not dispute either the fact of his original conviction or the length of either his original sentence or his parole violator sentence. Further, Munn does not dispute any of the details of his parole revocation, including the fact that, as a result of his criminal conduct in the State of Oklahoma while on parole, the USPC revoked his parole and ordered him to serve the remainder of the twenty-year sentence.

AFFIRMED. Munn's motion for leave to proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5