**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50271 |
| Plaintiff - Appellee, | D.C. No. 8:07-cr-00207-AG-1 |
| v. | |
| BRANDON CHE LEE, AKA Che Wung Lee, AKA In Yup Kim, AKA Dong Wan Choe, AKA In Young Kim, AKA Sang Hoon Kim, AKA Chun Gil Ma, AKA Chul Sang Lee, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted December 6, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Brandon Che Lee appeals his conviction and sentence. We have

jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

This case involves a bank fraud and check-kiting scheme. A jury convicted Lee of mail fraud in violation of 18 U.S.C. § 1341, producing false identification documents in violation of 18 U.S.C. § 1028(a)(1), possessing five or more false identification documents in violation of 18 U.S.C. § 1028(a)(3), and possessing document-making implements in violation of 18 U.S.C. § 1028(a)(5). The district court sentenced Lee to 240 months imprisonment and ordered him to pay restitution of approximately $4.9 million.

## I

Lee claims that the district court violated his Sixth Amendment right to counsel when the court denied his motions to substitute counsel. We review a district court's denial of a motion to substitute counsel for abuse of discretion. *United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010).

At a status conference six weeks before trial, Lee requested a new attorney. Lee did not specify that he wanted to retain new counsel rather than receive newly-appointed counsel. But Lee contends that he was not assisted by an interpreter at the status conference, and that we should thus construe his ambiguous request as a request for substitution of retained counsel. "[A] defendant who can afford to hire counsel may have the counsel of his choice unless a contrary result is compelled by

purposes inherent in the fair, efficient and orderly administration of justice."

*Rivera-Corona*, 618 F.3d at 979 (quotation and citation omitted).

In response to Lee's request, the district court excluded the government representatives and questioned Lee and his appointed counsel to determine the source and extent of any conflict. The record is ambiguous as to whether an interpreter assisted Lee during the colloquy. Nevertheless, the transcript makes clear that Lee understood the court's questions. Lee also communicated his concern that his prior and current defense counsel failed to challenge the search warrant that yielded most of the evidence against him.

The district court found that it was not in the interest of justice for Lee to obtain a new lawyer. We agree. Trial had been continued for almost two years from the original trial date. Replacing counsel would have required another substantial continuance. Four different attorneys had already represented Lee, and each time Lee substituted new counsel, the new attorney requested a continuance to review the extensive discovery.

To justify the appointment of new counsel, Lee must establish good cause. We consider three factors: (1) the timeliness of the motion and the extent of resulting inconvenience or delay; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and her

attorney was so great that it resulted in a total lack of communication preventing an adequate defense. *United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009). We conclude that the district court did not abuse its discretion. The record shows that the district court had a sufficient basis to make an informed decision and that there are no striking signs of serious conflict that shows an extensive or irreconcilable conflict between Lee and appointed counsel. *See id.* at 943–44.

Lee also challenges the district court's denial of his request for new counsel on the first day of trial. Lee concedes that his request was not timely. We must still, however, balance the inconvenience resulting from an untimely request against the defendant's constitutional right to adequate counsel. *See United States v. Adelzo-Gonzalez*, 268 F.3d 772, 780 (9th Cir. 2001). Before Lee made his untimely request for a new attorney, the district court had just undertaken a colloquy with Lee and appointed counsel about a motion to suppress that Lee filed *pro se*. Immediately after the colloquy, the district court rejected Lee's *pro se* motion to suppress. Lee then requested new counsel to help him file a suppression motion. We conclude that the district court did not abuse its discretion in denying it. The court was well aware of Lee's disagreement with appointed counsel's refusal to file a motion to suppress. Despite this disagreement, there is no evidence that conflict between Lee and appointed counsel prevented Lee from receiving an

adequate defense.  *See United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986).[1]

## II

Next, Lee argues that the district court violated his Sixth Amendment right to counsel by not providing him with *Faretta*[2] warnings before he argued in support of his *pro se* motion to suppress.  A defendant may exercise his right to self-representation if done knowingly, intelligently, voluntarily, and unequivocally. *Mendez-Sanchez*, 563 F.3d at 945. Additionally, "[a] district judge may allow 'hybrid representation,' in which the accused assumes some of the lawyer's functions, [but i]f the defendant assumes any of the 'core functions' of the lawyer" the defendant must knowingly, intelligently, and voluntarily waive counsel. *United States v. Turnbull*, 888 F.2d 636, 638 (9th Cir. 1989).

---

[1] Lee also argues that the district court abused its discretion by denying his motion to continue trial without summarizing in the record its reasons for the denial.  We review a district court's denial of a motion for a continuance for abuse of discretion, even when the motion implicates a defendant's right to counsel. *United States v. Garrett*, 179 F.3d 1143, 1144–47 (9th Cir. 1999) (en banc).  Like the district court in *Garrett*, the district court here showed Lee "patience and consideration" when considering his various motions and did not abuse its discretion. *Id.* at 1147.

[2] *Faretta v. California*, 422 U.S. 806 (1975).

The district court did not violate Lee's right either to self-representation or to counsel. Lee never unequivocally asserted his right to self-representation, so he was never entitled to *Faretta* warnings. And the district court did not violate Lee's right to counsel by imposing hybrid representation. Lee relies upon *United States v. Kimmel*, 672 F.2d 720 (9th Cir. 1982) and *United States v. Davis*, 269 F.3d 514 (5th Cir. 2001), but both cases are distinguishable because the defendants in both cases were extensively involved in presenting the defense case at trial.

**III**

Next, Lee raises a claim of ineffective assistance of counsel. Claims of ineffective assistance of counsel are generally inappropriate on direct appeal, although there are exceptions. *Adelzo-Gonzalez*, 268 F.3d at 776 n.1. None of the relevant exceptions apply here.

**IV**

Lee also challenges the sufficiency of the evidence. He argues that because the government did not present fingerprint or DNA evidence, witness testimony, or documents to show that Lee owned or rented the apartment where the government discovered most of the evidence at trial, the jury verdict was based on mere suspicion or speculation. Lee also claims that the government presented no evidence or testimony that he intentionally committed fraud.

When Lee was arrested, government agents found identification documents and ATM cards on his person that they later linked to documents found at the apartment, as well as a key that they later used to enter the apartment. Other documents found at the apartment bore Lee's picture or were connected to transactions where bank surveillance videos showed Lee's involvement. Lee's driver's license and passport were also found at the apartment. Viewed in the light most favorable to the government, the circumstantial evidence linking Lee to the evidence is sufficient. *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). Further, the evidence at trial is sufficient for the jury to draw reasonable inferences to find that Lee intentionally participated in a scheme to defraud. *See United States v. Santos*, 527 F.3d 1003, 1009 (9th Cir. 2008).

**AFFIRMED.**