FILED
United States Court of Appeals
Tenth Circuit

July 5, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BRANDON CHE LEE,

      Petitioner - Appellant,

v.

COZZA-RHODES,

      Respondent - Appellee.

No. 13-1239
(D.C. No. 1:13-CV-00973-LTB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Mr. Lee, a federal prisoner proceeding pro se,[1] appeals the district court's

dismissal of his 28 U.S.C. § 2241 habeas petition. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Lee proceeds pro se on appeal, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We cannot, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

# I.      BACKGROUND

On October 10, 2007, Mr. Lee was indicted by a grand jury in the Central District of California. The indictment included five counts of mail fraud, in violation of 18 U.S.C. § 1341; one count of producing false identification documents, in violation of 18 U.S.C. § 1028(a)(1); one count of possessing five or more false identification documents, in violation of 18 U.S.C. § 1028(a)(3); and one count of possessing document-making implements, in violation of 18 U.S.C. § 1028(a)(5). A jury found him guilty of the above eight counts on October 20, 2009. On June 2, 2010, the district court sentenced him to 240 months in prison and five years of supervised release on each of the five mail fraud counts, and 120 months in prison and three years of supervised release on each of the other counts, to be served concurrently.

On direct appeal, Mr. Lee argued that the district court had violated his Sixth Amendment right to counsel, that he had received ineffective assistance of counsel, and that the evidence was insufficient to support his conviction. On January 5, 2012, the Ninth Circuit affirmed. *See United States v. Che Lee*, 465 F. App'x 627, 631 (9th Cir. 2012), *cert. denied,* 132 S. Ct. 1731 (2012).

The record does not show that Mr. Lee filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Mr. Lee is currently serving his sentence at the Federal Correctional Institution in Florence, Colorado. While at Florence, Mr. Lee filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus in the District of Colorado. He argues that the record number for

his criminal case does not exist in any district court records and therefore his conviction and sentence is false and he has been illegally incarcerated.

On May 20, 2013, after reviewing the history of Mr. Lee's criminal case on the Public Access to Court Electronic Records ("PACER") website, a magistrate judge for the District of Colorado ordered Mr. Lee to show cause why his § 2241 petition should not be denied. The court stated that Mr. Lee was attacking the validity of his conviction, for which relief is available only through a 28 U.S.C. § 2255 motion filed in the court where he was convicted. Mr. Lee responded that his "2241 issues do not relate to 2255" and reiterated his earlier arguments.

On May 30, 2013, the district court denied Mr. Lee's § 2241 habeas petition. It noted that "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ROA at 62 (quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)); *see also Abernathy v. Wandes*, 713 F.3d 538, 543 (10th Cir. 2013). "A petition under 28 U.S.C. § 2241," on the other hand, should be used to "attack[] the execution of a sentence." ROA at 62 (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)); *see also Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011).

The district court noted that the test for determining whether the § 2255 remedy is inadequate or ineffective is whether Mr. Lee could have raised his claims in an initial § 2255 motion. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011), *cert. denied,* 132 S. Ct. 1001 (2012). It also noted that Mr. Lee has the burden of demonstrating that

his remedy under § 2255 is inadequate or ineffective, *see id.*, and that he had not "offer[ed] any explanation why he did not or could not have pursued relief under § 2255 in the sentencing court" beyond the conclusory statement that "his § 2241 claims do not relate to § 2255," ROA at 63. The court also stated that Mr. Lee's failure to seek § 2255 relief and that he might now be time-barred from seeking relief under § 2255 did not establish that his remedy under § 2255 was inadequate or ineffective. *See Prost*, 636 F.3d at 585. The court therefore denied Mr. Lee's § 2241 habeas petition.

## II.    **DISCUSSION**

Mr. Lee argues on appeal that his detention is illegal because the record number for his criminal case does not exist in any district court records. He also argues that he was not able to file a § 2255 motion before the sentencing court because there is no criminal case number under which to file the motion.[2] [Aplt. Br. at 5.]

We review de novo a district court's dismissal of a § 2241 habeas petition. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Because Mr. Lee's claims challenge his judgment and conviction, they are properly brought under 28 U.S.C. § 2255 and may only be brought under § 2241 if his remedy under § 2255 is inadequate or ineffective. *See Abernathy*, 713 F.3d at 543. After examining the record on appeal, we AFFIRM the dismissal of the § 2241 habeas petition for substantially the same reasons

---

[2] Mr. Lee's arguments about his administrative appeal of a prison disciplinary determination are not relevant to a challenge to the execution of his sentence under § 2241, and we do not address them.

4

set forth by the district court.[3]  We also DENY Mr. Lee's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[3] We also note that records for Mr. Lee's criminal conviction in the Central District of California, Case No. 07-CR-00207-AG-1, are available through PACER, and the Ninth Circuit has affirmed his conviction.  *See Lee*, 465 F. App'x at 628.