FILED
United States Court of Appeals
Tenth Circuit

December 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BRANDON CHE LEE,

   Petitioner - Appellant,

v.

COZZA-RHODES,

   Respondent – Appellee.

_____

BRANDON CHE LEE,

   Petitioner – Appellant,

v.

 ERIC HOLDER,

   Respondent – Appellee.

Nos. 13-1303, 13-1341
(D.C. Nos. 1:13-CV-01504-LTB and
1:13-CV-01901-LTB)
(D. Colo.)

No. 13-1329
(D.C. No. 1:13-CV-01640-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

  *After examining the briefs and appellate record, this panel has determined unanimously to grant the party's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G. The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.

Before **HARTZ**, **O'BRIEN,** and **GORSUCH**, Circuit Judges.

Brandon Che Lee, a federal inmate proceeding pro se, brings separate appeals from district-court orders dismissing three applications for writs of habeas corpus under 28 U.S.C. § 2241. The United States District Court for the District of Colorado dismissed the first application (13-1303, *Lee v. Cozza-Rhodes*) without prejudice because Mr. Lee failed to file the application on the proper court form; dismissed the second application (13-1329, *Lee v. Holder*) without prejudice because he failed to use the proper court form and because he failed to pay the filing fee or file a motion to proceed *in forma pauperis*; and denied the third application (13-1341, *Lee v. Cozza-Rhodes*) with prejudice, rejecting Mr. Lee's arguments that he was not lawfully incarcerated because he had not been provided certified copies of the judgment against him and his presentence report (PSR). Exercising jurisdiction under 28 U.S.C. § 1291, we consolidate the appeals and affirm all three dismissals.

We review de novo the district court's dismissal of Mr. Lee's § 2241 applications. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Because Mr. Lee is acting pro se, we construe his pleadings liberally. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). For a writ to be granted, the applicant must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

_____

P. 32.1 and 10th Cir. R. 32.1.

§ 2241(c)(3). "A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted).

There is no merit to any of Mr. Lee's claims. Thus we need not address his allegation that he actually paid the filing fee in 13-1329 or address his challenges to the dismissals of two of his claims because they were on a 2011 form from the Administrative Office of the Courts rather than on the district court's 2004 form. We can consider together all of Mr. Lee's remaining alleged grounds for relief raised in his three briefs.

As we understand his briefs, those grounds are: (1) prison officials will not provide administrative-remedy forms, (2) prison officials have threatened him, (3) prison officials are detaining him without a certified copy of his judgment or PSR, (4) his indictment and the grand jury transcript are not authenticated with the court's filing stamp, (5) his indictment was not signed by the grand jury, and (6) the Department of Justice failed to send him copies of the indictment, judgment, and grand-jury transcript in response to his request under the Freedom of Information Act.

None of Mr. Lee's complaints would be ground for releasing him from custody sooner than otherwise. His conviction has been affirmed by the Ninth Circuit, *see United States v. Brandon Che Lee*, 465 F. App'x 627, 628 (9th Cir. 2012), and Mr. Lee has not suggested that any of the challenged conduct has increased his imprisonment beyond the

3

period in the original judgment of conviction. Any challenges to his indictment come too late. *See* Fed. R. Crim. P. 12(b)(3)(B). And he cites no authority (nor do we think he could find any) granting relief from incarceration on any other ground he raises. *See Munn v. Peterson*, 156 F. App'x 85, 87 (10th Cir. 2005) (absence of a certified copy of judgment did not undermine the legitimacy of confinement of § 2241 applicant).

We AFFIRM the district court's dismissals, DENY Mr. Lee's motions to proceed *in forma pauperis*, and DENY Mr. Lee's motions for release.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge