**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRANDON CHE LEE,

       Petitioner-Appellant,

v.

CLAUD MAYE, Warden,

       Respondent-Appellee.

No. 14-3127
(D.C. No. 5:14-CV-03076-RDR)
(D. Kan.)

BRANDON CHE LEE,

       Petitioner-Appellant,

v.

PAUL M. LAIRD,

       Respondent-Appellee.

No. 14-3134
(D.C. No. 5:14-CV-03090-RDR)
(D. Kan.)

**ORDER DENYING CERTIFICATES OF APPEALABILITY**[*]

Before **LUCERO**, **GORSUCH**, and **MORITZ**, Circuit Judges.

_____

   [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Ninth Circuit has affirmed Brandon Lee's criminal conviction on direct review, *see United States v. Lee*, 465 F. App'x 627 (9th Cir. 2012), and this court has rejected previous collateral challenges to that conviction, *see Lee v. Cozza-Rhodes*, 549 F. App'x 785 (10th Cir. 2013); *Lee v. Cozza-Rhodes*, 517 F. App'x 630 (10th Cir. 2013). Today, Mr. Lee presents two more collateral challenges. Though nominally filed pursuant to 28 U.S.C. § 2241, the district court found that Mr. Lee's petitions in fact seek relief from his conviction and sentence, matters properly the subject of 28 U.S.C. § 2255. The district court then found that it lacked jurisdiction to issue relief under § 2255(a), as that statute generally requires a petitioner to seek relief in the court of his conviction (here, the Central District of California). Mr. Lee now seeks to appeal this ruling.

Mr. Lee, however, does not establish that the district court erred in characterizing his petitions as successive § 2255 collateral attacks on his federal criminal conviction or sentence. And given that, the law required him to seek permission from this court *before* he could proceed in the district court. *See* 28 U.S.C. § 2255(h). To be sure, our precedent allows us in circumstances like these to construe appeals like Mr. Lee's as requests to pursue a second or successive collateral proceeding. *See Spitznas v. Boone*, 464 F.3d 1213, 1219 n.8 (10th Cir. 2006). But we must deny Mr. Lee's requests for essentially the same reason the district court gave. Under the law, a request to pursue a second or successive

§ 2255 petition must be addressed to the "appropriate court of appeals," here the Ninth Circuit which oversees the Central District of California. Neither in any event does Mr. Lee present newly discovered evidence suggesting his innocence or identify a new rule of constitutional law retroactively applicable to his case, two other statutory preconditions to the relief he seeks. *See* 28 U.S.C. § 2255(h).

Construing Mr. Lee's appeals as requests for certificates of appealability, they and his motions to proceed *in forma pauperis* are denied. These appeals are dismissed. Mr. Lee is reminded that he must pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge