**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30289 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00053-JLQ-1 |
| v. | |
| IAN MICHAEL HARRIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Argued and Submitted October 2, 2017
Seattle, Washington

Before: WARDLAW, CLIFTON, and OWENS, Circuit Judges.

Ian Michael Harris appeals his conviction and sentence for conspiracy and

possession with intent to distribute 50 grams or more of methamphetamine, entered

pursuant to a plea agreement with the government. Because Harris's appeal is

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ultimately barred by the waiver of appellate rights contained in the plea agreement, we dismiss.

However, because two of Harris's claims on appeal—if successful—would vitiate his appeal waiver, we must address those claims here. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) ("An appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed. R. Crim. P. 11 . . . or 4) the sentence violates the law."); *see also id.* ("A sentence is illegal if it . . . violates the Constitution.").

1.     We do not need to decide whether the district court might have violated Federal Rule of Criminal Procedure 11's prohibition on judicial participation in plea discussions by advising Harris that the withdrawal of his guilty plea "would be over my strong advice," *see United States v. Garfield*, 987 F.2d 1424, 1426–27 (9th Cir. 1993), because Harris has not established that any error affected his substantial rights or seriously affected the integrity of the judicial proceedings, as he must in order to prevail under the plain error standard.[1] *See United States v. Olano*, 507 U.S. 725, 732 (1993).  The evidence against Harris—even discounting the fruits of the search of his home—was overwhelming.

---

[1] Harris concedes that the plain error standard applies.  *See United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009) (applying plain error to decide whether unpreserved Rule 11 error vitiated appeal waiver).

2

It included: a controlled purchase of 200 grams of methamphetamine directly from Harris; additional methamphetamine, scales, packaging material, and five firearms, all seized during a search of Harris's business and vehicle; and the potential testimony of Harris's coconspirators. Moreover, Harris had independent knowledge that the government planned to file a second 21 U.S.C. § 851 information if the case went to trial, which would have triggered a mandatory life sentence. Given these factors, we cannot say that there was "a reasonable probability that, but for the [possible] error, [Harris] would not have entered the plea." *United States v. Myers*, 804 F.3d 1246, 1257 (9th Cir. 2015) (internal quotation marks omitted).

2. Harris's argument that the district court constructively denied him counsel in violation of the Sixth Amendment lacks merit. The district court did not deny Harris's motion to fire his attorney; instead, the court took that motion seriously and held three ex parte hearings on the matter. Indeed, Harris ultimately withdrew the motion. *See United States v. Velazquez*, 855 F.3d 1021, 1033–34 (9th Cir. 2017) (constructive denial of counsel occurs when the defendant "has, with legitimate reason, completely lost trust in his attorney, and the trial court refuses to remove the attorney") (quoting *Daniels v. Woodford*, 428 F.3d 1181, 1198 (9th Cir. 2005)).

3

Nor did the court abuse its discretion by denying a motion for continuance that implicated the right to counsel. *See United States v. Thompson*, 587 F.3d 1165, 1171 (9th Cir. 2009). To begin, neither of the requests for continuance identified by Harris appears to implicate the right to counsel in the first place, and so they cannot void the appeal waiver. The first request was made for the purpose of obtaining a lawyer to provide a "second opinion" about the case, and Harris cites no authority suggesting that such second-opinion counsel is guaranteed by the Sixth Amendment. And the context of the second request makes clear that the purpose of the proposed continuance was to give Harris more time to attempt to renegotiate the plea agreement he had already signed. These requests are far removed from the facts of cases in which we have analyzed continuance motions as potentially implicating the Sixth Amendment. *See Thompson*, 587 F.3d at 1173–75; *United States v. Garrett*, 179 F.3d 1143, 1145–47 (9th Cir. 1999); *United States v. Studley*, 783 F.2d 934, 938–39 (9th Cir. 1986).

In any case, the district court did not abuse its discretion. The court issued a written order explaining its treatment of Harris's motions. *See Garrett*, 179 F.3d at 1147 ("When denying a continuance, especially one that arguably implicates the defendant's right to counsel, the district court should summarize in the record its reasons for the denial."). The court found that Harris was "creating disagreements"

in order to make a record for subsequent collateral attack—that is, that legitimate reasons for delay did not exist, and that Harris was not prejudiced. *See Thompson*, 587 F.3d at 1174 (listing factors district court should consider). The court's decision to deny Harris's continuance motions was therefore not an abuse of discretion.

3. Finally, Harris argues that his appeal waiver is invalid because the district court advised him that he retained the right to appeal, and that the scope of the waiver does not cover his remaining appellate claims. We reject these arguments as well. The district court's statements at sentencing did not create "a reasonable expectation of a right to appeal" in the face of the explicit appeal waiver contained in Harris's plea agreement. *United States v. Arias-Espinosa*, 704 F.3d 616, 618 (9th Cir. 2012) (internal quotation marks omitted). And the plain language of the waiver provision—which states that Harris waives "his right to appeal the conviction and sentence"—encompasses claims of error in the sentencing process like the Federal Rule of Criminal Procedure 32(e) issue Harris raises here. *See United States v. Martinez*, 143 F.3d 1266, 1270–71 (9th Cir. 1998); *cf. United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) ("[A]n appeal that includes an ineffective assistance of counsel at sentencing argument is still an appeal from one's sentence.").

Because none of Harris's arguments undermine the validity of the appeal waiver contained in his plea agreement, we must dismiss his appeal.

**DISMISSED.**